SAMUEL FIORENTINO, RESPONDENT, v. FARR & BAILEY MANUFACTURING COMPANY, APPELLANT.

Submitted March 25, 1924—Decided May 19, 1924.

1. F. was a passenger on a ferry-boat. As the boat was approaching the dock he stood upon the front of the boat in the space reserved for vehicles. Behind him was a motor truck of the F. & B. company. Behind this truck stood another motor truck

of A.    A block had been placed under the wheel of the F. & B. truck.    Before the boat was docked the chauffeur removed the block without braking the truck.    The chauffeur of the A. truck cranked and started his engine with the gears of the truck in mesh, with the result that the truck moved forward, striking the F. & B. truck, which was shoved forward against F., causing F. to be squeezed between the truck and the iron gates in front of the ferry-boat, and injured—*Held*, that the refusal to grant a motion made by the F. & B. company to non-suit the plaintiff was proper, as the facts presented a question for the jury as to whether or not the F. & B. company and A. were guilty of concurrent negligence.

2.   Where the evidence shows that it is customary for passengers to stand in the front of a ferry-boat immediately behind the iron gates extending across the boat in the space reserved for vehicles while the boat is being docked, the question of the contributory negligence of a passenger, who is injured by a vehicle, in standing in this space is for the determination of the jury.

3.   It is the right of a judge to comment upon the testimony.

On appeal from the Supreme Court.

For the appellant, *Lewis Starr*.

For the respondent, *Albert S. Woodruff*.

The opinion of the court was delivered by

KATZENBACH, J.    This is a defendant's appeal from a judgment of the Supreme Court entered upon a verdict rendered by a jury at a trial held at the Camden Circuit.

On May 11th, 1921, the plaintiff was a passenger upon a ferry-boat owned and operated by the Delaware River Ferry Company.    The boat was proceeding from Philadelphia to Camden.    As the boat was approaching the dock the plaintiff went to the front of the boat and stepped from the space reserved for passengers to the part of the boat reserved for transporting vehicles.    He stood just back of the iron gates extending across the front of the boat.    Behind him was a motor truck owned by the defendant, Farr & Bailey Manufacturing Company.    Behind this truck was another truck belonging to the defendant, Charles Adkins.    Under the wheel of the Farr & Bailey truck there had been placed a block or chuck to prevent the truck from moving forward

during the trip or during the process of docking the boat. . Both of these trucks were under the charge of chauffeurs. While the boat was being docked the chauffeur of the Farr & Bailey truck, without putting the brakes upon the truck, removed the block. At about the same time the chauffeur in charge of the Adkins truck cranked his car, while the gears were in mesh and the car unbraked, with the result that the Adkins truck moved forward, struck the Farr & Bailey truck, and shoved it forward striking the plaintiff, who was driven against the iron gates and injured. This action was brought to recover damages for the plaintiff's injuries. The ferry company, the Farr & Bailey Manufacturing Company and Adkins were the defendants. The ferry company was eliminated as a defendant at a former trial by obtaining a nonsuit. The negligence alleged against the Farr & Bailey company was the removal of the block by the chauffeur before the ferry-boat had been docked and the failure to have the truck braked. The negligence of Adkins was alleged to be the starting of the engine of the truck while it was in gear and the truck unbraked.

Judgment was entered against both defendants. The Farr & Bailey company is the only appellant. The grounds of appeal argued are the trial court's refusal to nonsuit and certain exceptions to the charge of the court taken by the appellant.

The first ground for reversal urged by the appellant is the lack of actionable negligence on the part of the Farr & Bailey company. It is contended that the removal of the block was not the proximate cause of the accident; that there was the intervention of an independent act of a third person between the wrong complained of, namely, the removal of the block and the injury sustained, which act was the immediate cause of the injury. This intervening cause is claimed to be the act of the chauffeur of the Adkins car in starting the engine when in gear by which it was propelled forward. This doctrine in the abstract is recognized by the decisions of this state of which *Cuff* v. *Newark, &c., Railroad Co.*, 35 *N. J. L.* 17, and *Delaware, Lackawanna and Western Railroad Co.*

. v. *Salmon*, 39 *Id.* 299, are the leading cases. But in the present case we think this doctrine is not applicable. The starting of the engine of the Adkins truck, which was the cause of its propulsion forward and the striking of the Farr & Bailey truck, might not have resulted in the plaintiff's injury if the block in front of the Farr & Bailey truck had remained in position, because the block might have prevented the Farr & Bailey truck from moving forward against the plaintiff if it had not been removed. We think the evidence presented a jury question, and from it a jury would be justified in finding, as it did, concurrent negligence on the part of both defendants. In this connection the appellant contends that the chauffeur of the Farr & Bailey truck, when he removed the block, could not have been reasonably expected to anticipate that the Adkins truck would be propelled forward against the Farr & Bailey truck. The purpose of the block was in part to avoid such a mishap. A man of ordinary prudence should have appreciated the dangers which might follow the removal of a block used for this purpose before the docking of the boat had been completed.

The next ground for reversal argued is the refusal of the trial judge to nonsuit the plaintiff on the ground of his contributory negligence. This is based upon the fact that the plaintiff stood at the time of the accident in the space reserved for vehicles. Passengers are frequently permitted to leave a ferry-boat before vehicles. There is only a demarcation by posts of the division line between the space reserved for passengers and the space reserved for vehicles. The open spaces between the posts seem almost an invitation to passengers to pass through to the space reserved for vehicles. The vehicles are placed some distance back from the gates, leaving an open space between them and the gates. The use of this space by passengers facilitates their departure. The evidence showed it was customary for passengers to stand in this space, and upon this trip others beside the plaintiff were standing there. Under these circumstances we think it was for the jury to determine whether or not the plaintiff was guilty of contributory negligence.

The appellant took exception to the following portion of the court's charge: "Now, coming to the other company, the Farr & Bailey company, you have heard the testimony as to the removal of this block. There is no doubt in the world it was done; no doubt in the world that it ought not to have been done. It was not his duty to do it, and it was a wrongful thing to do." A judge has the right to comment upon the facts. *State* v. *Hummer,* 73 *N. J. L.* 714. This comment was forceful, but not improper.

The last ground for reversal argued deals with a reference made in the charge to the depressed condition of the ferryboat as it was entering the dock, and whether or not it was under these circumstances a prudent thing for the driver of the appellant's truck to have taken the block away. It is insisted that this was a matter not comprehended by the pleadings. While this was so, yet there are two answers to the appellant's contention. The evidence was admitted without objection, and if it were inadmissible the trial judge, after its introduction without objection, had the right to comment upon it. The evidence, however, was admissible upon the question of whether or not under the existing circumstances, of which the depressed condition of the boat was one, the driver of the Farr & Bailey company used the care of an ordinarily prudent person.

Upon a review of the whole case, we are of the opinion the judgment of the Supreme Court should be affirmed. The judgment is, accordingly, affirmed, with costs.

*For affirmance*--THE CHANCELLOR, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 12.

*For reversal*--GARDNER, J. 1.